J-S66006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILFREDO SANTIAGO | : | |
| | : | |
| Appellant | : | No. 2958 EDA 2017 |

Appeal from the PCRA Order November 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0503641-2003

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 20, 2018**

Appellant, Wilfredo Santiago, appeals *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his second petition filed under the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts of this case as follows.  In the late hours of January 17, 2003, Appellant appeared at his wife's place of employment and argued with her.  During the course of the arguments, Appellant struck his wife and was asked to leave.  Although the police were called, Appellant was not arrested.  Later that night, the police were dispatched in response to three domestic violence calls; and Appellant was apprehended for breaking into his wife's home.  On November 21, 2003, a jury convicted Appellant of aggravated assault, attempted burglary, and resisting arrest.  The court

sentenced Appellant on January 20, 2004, to an aggregate of 21 to 42 years' incarceration. This Court affirmed the judgment of sentence on July 20, 2005, and the Supreme Court denied allowance of appeal on April 18, 2006. **See Commonwealth v. Santiago**, 883 A.2d 694 (Pa.Super. 2005) (unpublished memorandum), *appeal denied*, 587 Pa. 691, 897 A.2d 455 (2006).

The PCRA court opinion has outlined the subsequent procedural history of this case, so we have no need to restate it. We add only that after the court reinstated Appellant's right to appeal from the denial of his second PCRA petition, on August 25, 2017, he timely filed his notice of appeal the same day. The court ordered Appellant on September 11, 2017, to file a concise statement of errors complained of on appeal. Appellant timely complied on September 28, 2017.

Appellant raises the following issues on appeal:

> WAS [APPELLANT]'S MANDATORY MINIMUM SENTENCE UNCONSTITUTIONAL WHEN THE COURT AGGREGATED [APPELLANT'S] SENTENCE BASED UPON THE PROSECUTOR'S INFLAMMATORY, BIAS[ED], AND PREJUDICIAL REMARKS?
>
> WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO CALL [APPELLANT]'S WIFE TO TESTIFY THAT [APPELLANT] DID NOT [INJURE] HER?
>
> [WERE APPELLANT]'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT VIOLATED IN DENYING HIS RIGHTS TO HAVE A JURY OF HIS PEERS…?
>
> DID THE PROSECUTOR COMMIT PROSECUTORIAL MISCONDUCT IN THREATENING [APPELLANT]'S WIFE WITH ARREST WHICH PREVENTED HER FROM TESTIFYING?

> DID THE PROSECUTOR COMMIT PROSECUTORIAL MISCONDUCT WHEN HE MADE PREJUDICIAL REMARKS DURING SENTENCING?

(Appellant's Brief at IV).[1]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude the PCRA court opinion fully and properly addresses why Appellant's issues are unreviewable. (**See** PCRA Court Opinion, filed November 7, 2017, at 3-5) (finding: judgment of sentence became final on [Monday] July 17, 2006, upon expiration of time for Appellant to file petition for writ of *certiorari* in U.S. Supreme Court; Appellant filed second PCRA petition on July 25, 2016, which was patently untimely; Appellant invoked newly-recognized-constitutional-right exception, citing **Foster v. Chatman**, ___ U.S. ___, 136 S.Ct. 1737, 195 L.Ed.2d 1 (2016); in **Foster**, however, Supreme Court simply applied **Batson v. Kentucky**, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to facts in **Foster**; **Foster** did not announce new constitutional right and declare it retroactive, so Appellant failed to meet cited exception to PCRA time bar). We agree and affirm the court's order that denied Appellant's second PCRA petition as untimely.

Order affirmed.

---

[1] Several of these issues were previously raised and addressed in Appellant's first PCRA petition, such as, the failure of counsel to call Appellant's wife to testify at trial and the claims of prosecutorial misconduct.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/18

FILED

NOV 0 7 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

      :      CP-51-CR-0503641-2003

CP-51-CR-0503641-2003 Comm v Santiago Wilfredo
Opinion

v.

WILFREDO SANTIAGO

8026169291

OPINION

BRONSON, J                                       November 7, 2017

On November 21, 2003, following a jury trial before the Honorable John Chiovero, defendant Wilfredo Santiago was convicted of aggravated assault (18 Pa.C.S. § 2702(a)(1)), attempted burglary (18 Pa.C.S. §§ 901, 3502), and resisting arrest (18 Pa.C.S. § 5104). On January 20, 2004, the Court imposed an aggregate sentence of twenty-one to forty-two years incarceration. On July 12, 2005, the Superior Court affirmed the judgment of sentence, and on April 18, 2006, the Pennsylvania Supreme Court denied *allocatur*.

On January 8, 2007, defendant filed a *pro se* petition ("First Petition") under the Post Conviction Relief Act ("PCRA"). As Judge Chiovero had retired from the bench, this PCRA matter was reassigned to the undersigned trial judge. On November 25, 2008, PCRA counsel filed an Amended Petition on defendant's behalf. On November 13, 2009, this Court issued notice, pursuant to Pa.R.Crim P. 907 ("907 Notice"), of its intention to dismiss the petition without a hearing. Defendant filed a response to the Court's 907 Notice on December 9, 2009. The Court dismissed defendant's First Petition on December 18, 2009. The Superior Court

affirmed the dismissal on June 15, 2011, and on January 25, 2012, the Pennsylvania Supreme Court denied *allocatur*.

On July 25, 2016, defendant filed a second *pro se* PCRA petition ("Second Petition"). On October 26, 2016, the Court ruled that defendant's Second Petition was untimely and issued a 907 Notice. Defendant filed a response to the Court's 907 Notice on November 14, 2016. On November 15, 2016, the Court dismissed defendant's Second Petition.

On March 13, 2017, defendant filed a third *pro se* PCRA petition ("Third Petition"), seeking reinstatement of his appellate rights *nunc pro tunc* from the dismissal of his Second Petition. On July 17, 2017, Demetra Mehta, Esquire was appointed to represent defendant. Following an evidentiary hearing, on August 25, 2017, the Court granted defendant's Third Petition, reinstating his appellate rights.

Defendant has now appealed the Court's dismissal of his Second Petition, alleging that: 1) his mandatory minimum sentence was manifestly excessive and unconstitutional; 2) trial counsel was ineffective; 3) his right to have a jury of his peers was violated; 4) the prosecutor engaged in misconduct when he threatened to arrest defendant's wife if she did not testify; 5) the prosecutor engaged in misconduct when he made prejudicial remarks against defendant during sentencing; and 6) the trial court abused its discretion in sentencing defendant. Statement of Matters Complained of on Appeal Pursuant to Pa.R.App.P. 1925(B) ("Statement of Matters") at ¶ 5(I)-(VI). For the reasons set forth below, defendant's Second Petition is untimely and the order dismissing his petition should be affirmed.

2

## I. FACTUAL BACKGROUND

The facts of this case are summarized in the Superior Court's opinion of July 12, 2005, affirming the trial court's judgment of sentence on direct appeal. *See* Superior Court Opinion, 07/12/2005 at pp. 1-4.

## II. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error " *Commonwealth v Yager*, 685 A.2d 1000, 1003 (Pa. Super. 1996) (citing *Commonwealth v Legg*, 669 A.2d 389, 391 (Pa. Super. 1995)) The reviewing court "will not disturb findings that are supported by the record." *Id*

Under the PCRA, all petitions must be filed within one year of the date that judgment on the case becomes final. 42 Pa.C.S. § 9545(b)(1), *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). This time limit is jurisdictional, and a court may only review an untimely petition if one of the three statutory exceptions to the timeliness requirement applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v Murray*, 753 A 2d 201, 203 (Pa. 2000). Furthermore, the statutory exceptions are themselves subject to a timeliness requirement, and must be invoked "within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Bennett*, 930 A.2d at 1267-68.

Defendant's judgment of sentence became final on July 17, 2006, ninety days after the Pennsylvania Supreme Court denied *allocatur* in defendant's direct appeal. Therefore, defendant had until July 17, 2007 to timely file a PCRA petition. As defendant did not file his Second Petition until July 25, 2016, over nine years later, his petition is clearly untimely. Accordingly, defendant must plead and prove that one of the three statutory exceptions to the timeliness

3

requirement applies, and he must have filed his petition within sixty days of when the claim could have been presented   42 Pa.C.S. § 9545(b)(1)-(b)(2)

In his Statement of Matters, defendant appears to assert that his Second Petition was timely filed under the newly recognized constitutional right exception, as he notes that the petition was filed within sixty days of the decision of the United States Supreme Court in *Foster v Chatman* 136 S.Ct. 1737 (2016). *See* Statement of Matters at ¶ 2. To properly rely upon this exception, defendant must establish that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] " *Commonwealth v Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002); 42 Pa.C.S. § 9545(b)(1)(iii) Furthermore, defendant must establish that "the right 'has been held' by that court to apply retroactively." *Abdul-Salaam*, 812 A 2d at 501 (quoting 42 Pa.C.S. § 9545).

In *Foster*, the United States Supreme Court reiterated its holding in *Batson v Kentucky*, 476 U.S. 79 (1986), that it is unconstitutional to use a peremptory challenge to strike a potential juror for a discriminatory reason. *Foster*, 136 S.Ct. at 1747-48. The Court neither announced a new constitutional right, nor held any such right to be retroactive. Accordingly, the newly recognized constitutional right exception does not apply. *See Abdul-Salaam*, 812 A.2d at 501; 42 Pa.C.S. § 9545(b)(1)(iii).

4

## III. CONCLUSION

The record establishes that defendant's PCRA Petition was untimely filed, and that none of the exceptions to the PCRA time-bar is applicable. As a result, this Court was without jurisdiction to reach the merits of defendant's claims. *Murray*, 753 A.2d at 203. For that reason, the Court's order dismissing defendant's PCRA Petition should be affirmed.

BY THE COURT:

_____
GLENN B. BRONSON, J.

5

**Commonwealth v. Wilfredo Santiago**
**Type of Order: 1925(a) Opinion**

CP-51-CR-0503641-2003

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

Wilfredo Santiago
FQ-8423
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931

Type of Service: ( ) Personal () First Class Mail (X ) Other, please specify: *Certified Mail*

**District Attorney:**

Hugh J. Burns, Jr , Esquire
Chief, Appeals Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Type of Service ( ) Personal (X) First Class Mail ( ) Other, please specify·

**Additional Counsel/Party:**

Joseph D. Seletyn, Esquire
Prothonotary
Office of the Prothonotary – Superior Court
530 Walnut Street, Suite 315
Philadelphia, PA 19106

Type of Service: ( ) Personal (X) First Class Mail ( ) Other, please specify.

**Dated: November 7, 2017**

Kaitlin D. Shire
Law Clerk to Hon. Glenn B. Bronson